# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1997 SESSION



**FILED**

**December 23, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

JERRY L. HUGHES,  )
                  )
    Appellant,  )  **C.C.A. NO. 02C01-9611-CC-00408**
                  )
                  )  **LAKE COUNTY**
VS.               )
                  )
                  )  **HON. JOE G. RILEY, JR.,**
BILLY COMPTON, Warden,  )  **JUDGE**
                  )
    Appellee.  )  (Habeas corpus)


FOR THE APPELLANT:      FOR THE APPELLEE:


**JERRY HUGHES (pro se)**     **JOHN KNOX WALKUP**
Register No. 111099     Attorney General & Reporter
Rt. 1, Box 330
Tiptonville, TN  38079-9775     **ELIZABETH T. RYAN**
    Asst. Attorney General
    450 James Robertson Pkwy.
    Nashville, TN  37243-0493

    **C. PHILLIP BIVENS**
    District Attorney General
    P.O. Drawer E
    Dyersburg, TN  38024


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed his petition for writ of habeas corpus on September 26, 1996, alleging that he is being illegally restrained pursuant to a forty year sentence imposed in 1986 for two counts of aggravated rape. He contends that the underlying convictions are void because they are based on an invalid indictment. He alleges that the indictment is invalid because neither count includes an allegation of the mens rea element of the offense. The petitioner relies on this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville). The court below summarily dismissed the petition, and this appeal as of right followed. We affirm.

We first note that the Hill case dealt with a post-1989 indictment whereas this case involves a 1986 indictment. This Court has previously held that its decision in Hill is inapposite to pre-1989 indictments. See, e.g., James Clyde Saylor v. Howard Carlton and State, No. 03C01-9612-CR-00453, Johnson County (Tenn. Crim. App. filed Oct. 31, 1997, at Knoxville). Moreover, irrespective of its applicability to this case, our Supreme Court has overruled this Court's decision in Hill. See State v. Hill, __ S.W.2d __ (Tenn. 1997). Further, each of the contested counts of the indictment in this case alleges that the petitioner "with force and arms, in the County aforesaid, unlawfully, and feloniously committed the offense of Aggravated Rape by engaging in unlawful sexual penetration of [the victim], and the said [victim] is a child less than thirteen years of age." The use of the terms "with force and arms" and "feloniously" are sufficient to allege the culpable mental state for aggravated rape.[1] The petitioner's contention is therefore

---

[1]The mens rea requirement for aggravated rape is intentional, knowing or reckless. See State v. Hill, __ S.W.2d __, __ (Tenn. 1997).

2

without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
DAVID G. HAYES, Judge